**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAFAEL FRANCO-PEREZ,<br><br>    Defendant.<br>_____/ | No. CR 09-0103-1 CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT SENTENCE** |

On March 31, 2010, the Court sentenced Defendant Rafael Franco-Perez to 300 months custody. The Court arrived at this sentence by reducing the sentence sought by the government – 360 months – by 16.67%, to account for defendant's acceptance of responsibility for his offense. On April 2, 2010, Defendant filed a motion to correct his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.[1] According to Franco-Perez, the "average sentencing reduction that a defendant receives under the guidelines for acceptance of responsibility is 28.5%." Franco-Perez therefore maintains that the Court committed an "arithmetical" error when it reduced his sentence by 16.67%, rather than the "average" guideline reduction for acceptance of responsibility of 28.5%.

For the reasons discussed below, the Court DENIES Defendant's motion. The Court finds that reducing the government's proposed sentence to reflect Franco-Perez's acceptance

---

[1] Rule 35(a) states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

of responsibility was necessary and appropriate. The Court also finds, however, that a 16.67% reduction adequately accounts for Franco-Perez's acceptance of responsibility and did not "result[] from an arithmetical, technical, or other clear error." *See* Fed. R. Crim. P. 35(a).

## DISCUSSION

### A. The Plea Agreement

On September 17, 2009, Franco-Perez entered into a plea agreement with the government in which he agreed to plead guilty to one count of conspiracy to possess with intent to distribute various controlled substances. For sentencing purposes, Franco-Perez agreed that his criminal history category was VI, that his base offense level was 38, that he was subject to a 3-level increase in his offense level due to his role in the offense, and that he qualified for a 3-level reduction for his acceptance of responsibility. Before adjusting for acceptance of responsibility, then, Franco-Perez's offense level was 41. His post-acceptance of responsibility offense level was, like his base offense level, 38.

### B. The Sentencing Guidelines

For defendants with a criminal history category of VI, the Sentencing Guidelines provide the following recommended sentences:

| Offense Level | Recommended Sentence |
|---|---|
| 32 | 210-262 |
| 33 | 235-293 |
| 34 | 262-327 |
| 35 | 292-365 |
| 36 | 324-405 |
| 37 | 360-life |
| 38 | 360-life |
| 39 | 360-life |
| 40 | 360-life |
| 41 | 360-life |

| 42 | 360-life |
| 43 | life |

In this case, Franco-Perez's adjusted offense level was 38. The Sentencing Guidelines therefore provided a recommended sentencing range of 360 months to life imprisonment. Pursuant to the parties' plea agreement, the government sought a sentence of 360 months, the low end of the range. Franco-Perez argued for a sentence of 210 months imprisonment.

**C.    The Appropriate Sentence**

On March 31, 2010, the Court sentenced Franco-Perez to 300 months custody. As the Court stated at the sentencing hearing, a downward departure from the low end of the recommended guideline range was necessary to properly account for Franco-Perez's acceptance of responsibility for his offense.

The need for this departure stems from the Guideline's idiosyncratic treatment of criminal defendants with a criminal history category of VI and a pre-acceptance of responsibility offense level between 40 and 42. For such defendants, the recommended guideline sentencing range is identical – 360 months to life – both before and after the 3-level downward adjustment for acceptance of responsibility provided for in U.S.S.G. § 3E1.1. In other words, a category VI defendant who, like Franco-Perez, has a pre-acceptance of responsibility offense level between 40 and 42 receives no benefit for accepting responsibility for the offense and therefore has no incentive to accept responsibility.

The Court finds this anomaly in the Guidelines particularly troubling given that the defendants who meet the relevant criteria have, by definition, committed the most serious offenses. As a result, their cases, should they go to trial, would likely consume substantially more government and court resources than those of less serious offenders. Thus, by admitting guilt and accepting responsibility, these defendants provide an especially significant benefit to the government and to the court. *See* U.S.S.G. § 3E1.1(b) (stating that a downward adjustment for timely acceptance of responsibility is appropriate because, among

other things, timely acceptance "permit[s] the government to avoid preparing for trial and permit[s] the government and the court to allocate their resources efficiently").

This matter provides a case-in-point. According to the plea agreement, Franco-Perez was a central figure in a large conspiracy to ship and distribute various controlled substances from Mexico to the United States. The investigation that culminated in Franco-Perez's arrest lasted a year and a half and involved multiple law enforcement agencies. In addition, the amount of drugs and money seized by the government was substantial. These facts demonstrate that, had Franco-Perez's case gone to trial, the time required to prepare and try his case would have been significant. Franco-Perez's decision to plead guilty was therefore particularly beneficial to the government and the court. The Guidelines's failure to provide Franco-Perez with an incentive to enter a timely guilty plea is therefore unreasonable.

Given that some reduction in Franco-Perez's sentence was necessary to account for his acceptance of responsibility, the next issue is what the appropriate reduction should be. At the sentencing hearing, the Court provided a 16.67% reduction, resulting in a sentence of 300, rather than 360, months.

Franco-Perez maintains that the Court committed an "arithmetical" error in arriving at its chosen reduction. Citing a statement by the Court that it wished to provide Franco-Perez with a reduction commensurate with that received by other defendants, Franco-Perez argues that the "average" benefit a defendant receives under the Guidelines for accepting responsibility is approximately 28.5%, not 16.67%. Franco-Perez notes, for example, that a criminal history category VI defendant with an unadjusted offense level of 35 would receive a 28.1% reduction in the low-end of his sentence (from 292 months to 210 months) for a 3-level acceptance of responsibility adjustment. Given that the Court intended to provide Franco-Perez with a typical reduction in his sentence and that the "average" reduction is around 28%, Franco-Perez contends, the Court committed an "arithmetical" error in calculating his sentence.

The Court disagrees, for several reasons. First, as the government points out, the percentage reduction in sentence that a category VI defendant receives from a 3-level

4

acceptance of responsibility adjustment varies. For example, although a defendant with an unadjusted offense level of 37 receives a 27.2% reduction in the low end of his sentencing range by accepting responsibility (from 360 months at level 37 to 262 months at level 34), a defendant with an unadjusted offense level of 38 receives only an 18.9% reduction (from 360 months at level 38 to 292 months at level 35), and a defendant with an unadjusted offense level of 39 receives only a 10% benefit (from 360 months at level 39 to 324 months at level 36). As a result, the Court does not agree with the Defendant that the typical or average reduction for a category VI defendant with an offense level above 37 is 28.5%.

Second, applying a 28.5% reduction in a case like this one would lead to anomalous results. Reducing the government's proposed sentence of 360 months by 28.5% would result in a sentence of 257 months. A 257-month sentence is, however, *below* the low end of the range for defendants whose offense levels are 34 (262 – 327 months), 35 (292 – 365 months), and 36 (324 – 405 months). This means that a defendant with an unadjusted offense level of 37 (360 months – life), 38 (360 months – life), and 39 (360 months – life) would receive less benefit from a 3-level downward adjustment for accepting responsibility than Franco-Perez, whose unadjusted offense level is 41.

Third, criminal history category VI defendants at the upper offense levels already receive an implicit reduction in their sentences. As the chart below demonstrates, the recommended number of months at the low end of the guidelines range increases exponentially with offense level until offense level 37. At that point, the low end of the range flattens out at 360 months, where it remains for the next five offense levels. If, instead of flattening out, the recommended low end of the sentencing range continued to increase exponentially, defendants with an offense level between 38 and 42 would be subject to considerably higher sentences. If that were the case, then a reduction for acceptance of responsibility that was closer to what a defendant at a lower offense level – i.e., a defendant who is subject to the exponential increase – would receive might be appropriate. But because defendants at high offense levels already receive an implicit reduction in their recommended

5



sentences, the Court finds that a reduction that is nearly identical to what defendants at lower offense levels receives is not justifiable.

In sum, the Court finds that its sentence of 300 months did not result from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The typical reduction for acceptance of responsibility for a defendant with Franco-Perez's offense level and criminal history characteristics cannot be precisely calculated. Moreover, the 28.5% reduction Defendant argues in favor of would overcompensate defendants in Franco-Perez's position for accepting responsibility. The Court finds that a 16.67% reduction, on the other hand, provides an appropriate incentive to defendants like Franco-Perez to plead guilty, without supplying an undue benefit to such defendants. The Court's decision therefore did not result from an "arithmetical" error or any other error that would permit the Court to correct its sentence under Rule 35(a). *See, e.g., United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir. 1977) (affirming correction of sentence under Rule 35 where "the judge said 'two' [years], when he meant to say 'ten.'").

Accordingly, the Franco-Perez's Rule 35(a) Motion to Correct Sentence is DENIED.

1 **IT IS SO ORDERED.**

Dated: April 7, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE